IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Nos. 18-271 & 19-271 |
| | ) |
| VASHAUN WRIGHT | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant Vashaun Wright's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) or (1).  ECF Nos. 121 & 22.[1]  Mr. Wright requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines, although he does not explain how said Amendment applies to him.  He also argues that his conviction for violating 18 U.S.C. § 922(g)(1), at Criminal No. 19-271, should be dismissed as an unconstitutional statute.  The government filed a Response, arguing that the Motion should be denied because Mr. Wright has failed to demonstrate that he qualifies for a retroactive sentence reduction and because section 922(g)(1) is constitutional.  ECF No. 26 at Cr. No. 18-271.  For the following reasons, Mr. Wright's Motion will be denied.

I.  **Retroactive Sentence Reduction**

Mr. Wright makes an unsupported request for a retroactive sentence reduction.  He does not provide any information or argument as to why a reduction would apply to his circumstances.  Relevant to Mr. Wright's Motion is Amendment 821 to the United States Sentencing Guidelines, which amended the Guidelines to benefit qualifying defendants with the possibility of a sentence reduction.  Such benefit occurs, either through a lower criminal history score (§ 4A1.1(e)) or

---

[1] Pursuant to the Western District of Pennsylvania's Protocol for Review of Motions filed pursuant to Amendment 821, Mr. Wright's Motion was forwarded to the Office of the Federal Public Defender for review, which referral was also mailed to Mr. Wright.  The Federal Public Defender notified the Court that they would not being filing a counseled motion on behalf of Mr. Wright.

through a lower offense level (§ 4C1.1).  Both of these Guideline Subsections are based on a defendant's criminal history.  A review of Mr. Wright's criminal history shows that he does not qualify for a reduction under either subsection.  He was assigned fourteen criminal history points, he did not receive any "status points" for committing his offense while under a term of criminal supervision, and he is not a "zero-point" offender.  Therefore, he does not qualify for a retroactive sentence reduction.

> II.     **Section 922(g)(1)**

Mr. Wright pleaded guilty to three drug trafficking charges and to one count of Possession of Firearms and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).  In his Motion, he seeks dismissal of his § 922(g)(1) conviction because "new law" has determined that § 922(g)(1) is unconstitutional.  This is not true.

It is likely that Mr. Wright is relying on the decisions of the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and the Third Circuit in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), *cert. granted*, *judgment vacated sub nom. Garland v. Range*, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024) (*en banc*).  Neither *Bruen* nor *Range* concluded that § 922(g)(1) was unconstitutional.  With regard to the *Range* decision, the Supreme Court granted *certiorari* and has vacated the judgment in *Range*.  Even so, the *Range* Court found that § 922(g)(1) was unconstitutional only as applied to a single person, Bryan Range. The *Range* holding was expressly narrow and limited to Bryan Range's prior fraud conviction and his proposed prospective protected firearm conduct. The *Range* Court did not find or even suggest that § 922(g)(1) is unconstitutional in all cases.  Therefore, Mr. Wright's § 922(g)(1) conviction is proper.

### III. Conclusion

Mr. Wright's Motion for a reduced sentence, or for a dismissal of his § 922(g)(1) conviction, will be denied. An appropriate Order follows.

### ORDER

AND NOW, this 6th day of August 2024, it is hereby ORDERED that Vashaun Wright's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) or (1), is DENIED.

s/*Marilyn J. Horan*
United States District Judge

Vashuan Wright., pro se
Reg. No. 39195-068
FCI BECKLEY
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 350
BEAVER, WV  25813