IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Nos. 18-271 & 19-271 |
| | ) |
| VASHAUN WRIGHT | ) |

**Opinion and Order**

Presently before the Court is Defendant, Vashaun Wright's, two separate pro se Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 127 & 136 at Cr. No. 18-271; ECF Nos. 28 & 35 at Cr. No. 19-271. In his first Motion, Mr. Wright requests a reduction in his sentence or compassionate release, by virtue of the "youthful offender" amendment to § 5H1.1 of the United States Sentencing Guidelines. In his second Motion, Mr. Wright requests compassionate release, based upon his lack of dangerousness, his rehabilitation efforts while incarcerated, and his need to care for his mother. The government filed Responses in Opposition to the Motions. ECF No. 129 & 139 at Cr. No. 18-271; ECF Nos. 31 & 38 at Cr. No. 19-271. For the following reasons, Mr. Wright's Motions will be denied.

**I.     Background**

On September 4, 2019, at Criminal No. 18-271, Mr. Wright pleaded guilty Conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846 (Count 1);– Possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) (Count 2); Possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3); and Possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 6). On that same date, Mr. Wright waived prosecution by Indictment and entered a guilty plea to Count 1 of the Information filed at Criminal No. 19-271, charging him

with Possession of firearms and ammunition by a convicted felon, in violation of 18 USC 922(g)(1).

Mr. Wright's offense level was 21 and his Criminal History Category was V. The advisory guideline imprisonment range for Counts 1, 2, and 3 of Criminal No. 18-271, and Count 1 of Criminal No. 19-271, was calculated to be 70 to 87 months. For the offense at Count 6 of Criminal No. 18-271, the Court was required to impose a consecutive sentence of 60 months to whatever sentence was imposed on the other counts. On November 4, 2019, the Court sentenced Mr. Wright to a term of imprisonment of 70 months at each of Counts 1, 2, and 3 of Criminal No. 18-271, and 70 months at Count 1 of Criminal Docket Number 19-271, all such terms to be served concurrently. At Count 6 of Criminal No. 18-271, the Court imposed a term of imprisonment of 60 months, to be served consecutively to all Counts, for a total term of imprisonment of 130 months.

**II.     Motion for Reduction of Sentence Based on § 5H1.1, Age (Policy Statement)**

In his first Motion for a reduction of sentence, Mr. Wright relies on the amendment to United States Sentencing Guideline § 5H1.1, regarding "youthful offenders." In relevant part, § 5H1.1 states as follows:

> Age may be relevant in determining whether a departure is warranted.
>     . . .
> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.

U.S.S.G. § 5H1.1. Mr. Wright argues that his prior offenses fall within the scope of § 5H1.1's statement regarding youthful offenders. He further argues that, without affording retroactive reductions in sentence to persons already convicted, there will be a disparity between such offenders and offenders appearing for sentencing after the Policy Statement change. He further argues that the risk of sentencing disparities supports both a reduction in sentence and compassionate release.

A reduction in sentence requires that the defendant demonstrate that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Mr. Wright has not established an extraordinary and compelling reason for a reduction. The "youthful offender" amendment to § 5H1.1 does not present an extraordinary or compelling reason. The amendment is not an automatic reduction for any youthful offender, as it merely states that a downward departure "*may* be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." § 5H1.1 (emphasis added).

A reduction in Mr. Wright's sentence is also not warranted based upon Mr. Wright's age, either at the time of the offenses (29 years) or at the time of sentence (30 years). This is so, because when imposing its sentence, this Court took into account Mr. Wright's age, along with all factors set forth in 18 U.S.C. § 3553(a). At sentencing, Mr. Wright's counsel argued in support of a variance based upon Mr. Wright's relatively young age when he entered into criminal activity. ECF No. 87 at 5. Mr. Wright was 19 years old when he had his first adult conviction, which included a charge of firearms not to be carried without a license. PSIR, ¶ 36. He was convicted again of firearms not to be carried without a license, at age 21. PSIR, ¶ 37. At age 25, he was convicted of driving with a supended license and driving under the influence. PSIR, ¶ 38. At age 26, he was charged with two separate simple assault counts, recklessly

3

endangering another person, and terroristic threats. PSIR, ¶¶ 39, 40. As stated above, the present charges demonstrate that Mr. Wright's involvement in serious drug and firearm charges has been ongoing. At sentencing, this Court fully considered Mr. Wright's age, along with all other relevant factors, when imposing an appropriate sentence. Nothing in the "youthful offender" amendment persuades this Court that a reduction in sentence is presently warranted. Accordingly, Mr. Wright's Motion for a Reduction in Sentence based on the youthful offender Amendment to § 5H1.1 will be denied.

### III. Compassionate Release

Mr. Wright seeks compassionate release, or a reduction in sentence to 120 months, pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that a reduction in his sentence, or compassionate release, is warranted based upon his lack of dangerousness, his rehabilitation efforts while incarcerated, and his need to care for his mother.

#### A. Applicable Law

Mr. Wright seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). "Under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the 'compassionate release' provision, district courts may reduce a term of imprisonment when warranted by 'extraordinary and compelling reasons.'" *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)). "If a court finds those reasons exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate." *Id.* (citing § 3582(c)(1)(A)(i)). The relevant portion of this statue states:

> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>  **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which is §1B1.13, and it provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

> (1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Policy Statement). Relevant to the present Motion, §1B1.13(b)(3) states that "extraordinary and compelling reasons exist" as to the "Family Circumstances of the Defendant" as follows: "(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. §1B1.13(b)(3). In addition, §1B1.13(d) states:

> **(d)    Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. §1B1.13(d).

### B.    Exhaustion

Pursuant to section 3582(c)(1)(A), a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Wright requested compassionate release on March 5, 2025, and the Warden denied the request on March 21, 2025. The government agrees that Mr. Wright has exhausted his administrative remedies for the following claims he presented to the Warden: a request for compassionate release based upon his rehabilitation and to be able to care for his ailing mother. However, the government argues that Mr. Wright has not exhausted his administrative remedies with respect to his argument that his present and prior firearm charges violate the Second Amendment or his claim that compassionate release is warranted based upon the "youthful offender" Amendment to § 5H1.1. The Court agrees that Mr. Wright has not exhausted his administrative remedies with respect to these arguments. While the Court will not consider the claims herein, the Court has previously denied Mr. Wright's Motion to Reduce Sentence (ECF No. 121) as regards his Second Amendment argument. *See* Mem. Order, Aug. 6, 2024, ECF No. 126 (explaining that 18 U.S.C. § 922(g)(1) is constitutional). The same decision would result if the claim were properly before the Court. Further, as regards Mr. Wright's youthful offender argument for compassionate release, for the same reasons discussed to deny any sentence reduction in Section II herein, Mr. Wright's request for compassionate release would also be denied, if such claim were properly before this Court.

### C. Section 3553(a) Factors

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. Mr. Wright plead guilty to several serious drug offenses, possessed a firearm in furtherance of a drug trafficking offense, and was a felon in possession of a firearm and ammunition. He received a total sentence of 130 months' imprisonment, which is at the low end of the guideline range that he faced, and was ten months above the statutory mandatory minimum.

Mr. Wright first argues that his lack of dangerousness supports his request. However, as detailed above, his criminal history reveals that he has been convicted of multiple firearm charges, multiple assault charges, and several drug trafficking charges. His argument that he is not a danger erroneously relies, in part, on his incorrect contention that his firearm charges, both past and present, are unconstitutional; however, said charges are constitutional and proper. Moreover, Mr. Wright has a misconduct while in prison, which weighs against the § 3553(a) factors. 139-3, at 2. Thus, considering Mr. Wright's serious drug charges, his related firearm charges, his criminal history, and prison misconduct, Mr. Wright has not shown a lack of dangerousness to the community.

Next, Mr. Wright argues that his rehabilitation efforts support his request. As noted above, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. §1B1.13(d). Mr. Wright has over 500

hours of programming completed, he is an instructor in the education department, and he has acted as a mentor and tutor. Mr. Wright's documentation, demonstrating his efforts to improve himself and to help others while in prison, is laudable; but ultimately, such does not present an "extraordinary and compelling" reason, either alone or in combination with Mr. Wright's other arguments.

Finally, Mr. Wright seeks a reduction in his sentence to home confinement in order to take care of his mother, who is suffering from chronic obstructive pulmonary disease (COPD). As stated above, the "incapacitation of the defendant's parent when the defendant would be the only available caregiver" may qualify as an "extraordinary and compelling reason." U.S.S.G. §1B1.13(b)(3)(C). Mr. Wright has not sufficiently established that his mother suffers from COPD or the severity of her COPD, that she is in fact incapacitated, or that Mr. Wright is a suitable "sole" caretaker. Nor does Mr. Wright state who is currently caring for his mother, if anyone. Mr. Wright's mother has submitted a letter in support of Mr. Wright. ECF No. 136-1 at 1. In her letter, she acknowledges that Mr. Wright has spent the past seven years in prison and that she believes his character has changed, such that he has "broken the cycle of him ever going back" to prison. *Id.* She states that her son "knows that I am struggling with health issues such as COPD and other issues." *Id.* She also explains that she has certain financial difficulties that her son would be able to help her with. *Id.*

On this record, the Court concludes that Mr. Wright has not established "extraordinary and compelling circumstances" to warrant compassionate release. Mr. Wright has not demonstrated that his mother is "incapacitated," and that, even if she was incapacitated, that Mr. Wright "would be the only available caregiver" for his mother. §1B1.13(b)(3)(C). Mr. Wright's Presentence Report, as well as other documents, indicate that he has several family members,

8

who may be available to assist Mrs. Wright. In addition, Mr. Wright's mother, at least as of the time of the Presentence Report, was residing with her paramour. Accordingly, since it has not been demonstrated that other family members, or Mrs. Wright's paramour, are unavailable to provide care for Mrs. Wright, Mr. Wright has not established that he would be the only available caregiver for his mother. Mr. Wright also has no history as a caretaker for his mother. Accordingly, Mr. Wright has not demonstrated extraordinary circumstances based upon his family circumstances.

For all of these reasons, the Motion for a Reduction of Sentence or for Compassionate Release will be denied.

### IV.    Conclusion

The Court finds that a reduced sentence is inappropriate under either §5H1.1 or 18 U.S.C. § 3582(c)(1)(A). Therefore, Mr. Wright's Motions for a reduced sentence will be denied. An appropriate Order follows.

### ORDER

AND NOW, this 11th day of June 2025, it is hereby ORDERED that Vashaun Wright's Motion for Reduction of Sentence Based on the Youthful Offender Amendment to § 5H1.1, ECF No. 127 at Cr. No. 18-271; ECF No. 28 at Cr. No. 19-271, is DENIED; and Vashaun Wright's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) or (1), ECF No. 136 at Cr. No. 18-271; ECF No. 35 at Cr. No. 19-271, is DENIED.

s/*Marilyn J. Horan*
United States District Judge

Vashuan Wright., pro se
Reg. No. 39195-068
FCI BECKLEY
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 350
BEAVER, WV  25813